**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**ASHLAND DIVISION**

| | |
|---|---|
| JULIE DAVIS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. |
| | ) |
| EXPERIAN INFORMATION | ) |
| SOLUTIONS, INC. and ROCKY | ) |
| MOUNTAIN RECOVERY | ) |
| SYSTEMS, INC., | ) |
| | ) |
| Defendants. | ) |

## PLAINTIFF'S COMPLAINT

Plaintiff, JULIE DAVIS ("Plaintiff"), through her attorney, AGRUSS LAW FIRM, LLC, alleges the following against Defendants, EXPERIAN INFORMATION SOLUTIONS, INC. ("Experian") and ROCKY MOUNTAIN RECOVERY SYSTEMS, INC. ("Rocky Mountain Recovery Systems") ("Defendants" collectively):

### INTRODUCTION

1. Plaintiff's Complaint is an action for actual and statutory damages for violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq.* and Regulation V, 12 C.F.R. part 1022.

### JURISDICTION AND VENUE

2. This court has jurisdiction under the FCRA 15 U.S.C. § 1681, *et seq.*, and pursuant to 28 U.S.C. §§ 1331 and 1337.

1

3. Venue and personal jurisdiction in this District are proper because Defendants do or transact business within this District, and a material portion of the events at issue occurred in this District.

## PARTIES

4. Plaintiff is an individual who was at all relevant times residing in Greenup, Greenup County, Kentucky.

5. At all relevant times, Plaintiff was a "consumer" as that term is defined by the FCRA.

6. Defendant Experian is a credit reporting agency that regularly conducts business throughout every state and county in the United States and as a corporation that does business in the state of Kentucky, is a citizen of the state of Kentucky.

7. At all relevant times Defendant Experian was each a "consumer reporting agency" as that term is defined by the FCRA.

8. Defendant Rocky Mountain Recovery Systems regularly conducts business throughout every state and county in the United States and as a corporation that does business in the state of Kentucky, is a citizen of the state of Kentucky.

9. At all relevant times, Defendant Rocky Mountain Recovery Systems was a "furnisher" as that term is defined by the FCRA and Regulation V. 12 C.F.R. § 1022.41(c).

10. At all relevant times, Defendants were each a "person" as that term is defined by the FCRA.

## FACTUAL ALLEGATIONS

11. At all relevant times, credit reports as alleged in this pleading are "consumer reports" as that term is defined by 15 U.S.C. § 1681a(d).

12. Defendant Experian has been reporting derogatory and inaccurate statements and information relating to Plaintiff and Plaintiff's credit history to third parties (hereinafter, the "inaccurate information").

13. The inaccurate information of which Plaintiff complains is an account, or trade-line, that reflect Plaintiff's history of credit, named: Rocky Mountain Recovery Systems.

14. The Rocky Mountain Recovery Systems account originated with Jorden Eddington.

15. On or about July 12, 2021, Plaintiff sent a letter to Defendants informing it of the inaccurate reporting of the trade-line.

16. Plaintiff requested that Defendants correct the inaccurate trade-line.

17. The inaccurate information negatively reflects upon Plaintiff, Plaintiff's credit repayment history, Plaintiff's financial responsibility as a debtor, and Plaintiff's worthiness.

18. The credit reports have been and continue to be disseminated to various persons and credit grantors, both known and unknown.

19. On or around July 12, 2021, Plaintiff disputed the inaccurate information with Defendants by written communication to their representatives [and by following Defendant Experian's established procedure for disputing consumer credit information].

20. Plaintiff's dispute letter explained that the account was paid in full.

21. Upon information and belief, Defendant Experian notified Rocky Mountain Recovery Systems of Plaintiff's dispute and the nature of the dispute.

22. Upon information and belief, within five (5) days of Plaintiff disputing the inaccurate

information with Defendant Experian, Defendant Rocky Mountain Recovery Systems received notification from Defendant Experian of Plaintiff's dispute and the nature of the dispute.

23. Upon information and belief, Defendant Experian received the results of Defendant Rocky Mountain Recovery Systems investigation as to Plaintiff's dispute.

24. Upon information and belief, Defendant Experian updated the reporting of the account at issue solely based upon the information it received from Defendant Rocky Mountain Recovery Systems in response to Plaintiff's dispute.

25. Despite Plaintiff's efforts to date, Defendants have nonetheless deliberately, willfully, intentionally, recklessly and negligently repeatedly failed to perform reasonable reinvestigations of the above dispute as required by the FCRA, have failed to remove the inaccurate information and have continued to report the derogatory inaccurate information about Plaintiff.

26. At all times pertinent hereto, Defendants were acting by and through Defendants' agents, servants and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of Defendants.

27. At all times pertinent hereto, the conduct of Defendants, as well as that of Defendants' agents, servants and/or employees, was malicious, intentional, willful, reckless, and in grossly negligent disregard for federal and state laws and the rights of Plaintiff herein.

28. Plaintiff has been damaged, and continues to be damaged, in the following ways:

   a. Impeded Plaintiff's ability to obtain credit;
   b. Out of pocket expenses associated with disputing the information only to find the information to remain on the credit report;

    c. Emotional distress and mental anguish associated with having incorrect derogatory personal information transmitted about Plaintiff to other people both known and unknown;

    d. Denial of credit, loans, financing and/or other damages, not within five (5) days of Plaintiff disputing the inaccurate information with yet known by Plaintiff; and

    e. Decreased credit score which may result in inability to obtain credit on future attempts.

## COUNT I
## DEFENDANT EXPERIAN VIOLATED THE FAIR CREDIT REPORTING ACT

29. Plaintiff repeats and re-alleges paragraphs one (1) through twenty-eight (28) of Plaintiff's Complaint as the allegations in Count I of Plaintiff's Complaint.

30. Pursuant to 15 U.S.C. §1681n and 15 U.S.C. §1681o, Experian is liable to Plaintiff for engaging in the following conduct:

    a. Willfully or negligently failing to conduct a proper and reasonable reinvestigation concerning the inaccurate information after receiving notice of the dispute from Plaintiff, in violation of 15 U.S.C. §1681i(a);

    b. Willfully or negligently failing to provide all relevant information provided by Plaintiff regarding the dispute of the inaccurate information to the furnishing entities, in violation of 15 U.S.C. §1681i(a);

    c. Willfully or negligently failing to review and consider all relevant information submitted by Plaintiff concerning the dispute of the inaccurate information, in violation of 15 U.S.C. §1681i(a);

    d. Willfully or negligently failing to delete the inaccurate information from Plaintiff's credit file after reinvestigation, in violation of 15 U.S.C. §1681i(a); and

    e. Willfully or negligently failing to employ and follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit report, information and file, in violation of 15 U.S.C. §1681e(b).

31. The conduct of Experian was a direct and proximate cause, as well as a substantial factor, in bringing about the injuries, damages and harm to Plaintiff that are outlined more fully above and, as a result, Experian is liable to Plaintiff for the full amount of statutory, actual and punitive damages, along with the attorneys' fees and the costs of litigation, as well as such further relief, as may be permitted by law.

WHEREFORE, Plaintiff, JULIE DAVIS, respectfully requests judgment be entered against Defendant, EXPERIAN INFORMATION SOLUTIONS, INC., for the following:

   a. All actual compensatory damages suffered pursuant to the Fair Credit Reporting Act, 15 U.S.C. § 1681n(a);

   b. Statutory damages of $1,000.00 pursuant to the Fair Credit Reporting Act, 15 U.S.C. § 1681n(a);

   c. Costs and reasonable attorneys' fees pursuant to the Fair Credit Reporting Act, 15 U.S.C. § 1681n(a);

   d. Punitive damages and equitable relief, including enjoining Defendant from further violations, pursuant to Fair Credit Reporting Act, 15 U.S.C. § 1681n(a); and

   e. Any other relief that this Honorable Court deems appropriate.

## COUNT II
## DEFENDANT ROCKY MOUNTAIN RECOVERY SYSTEMS VIOLATED THE FAIR CREDIT REPORTING ACT

32. Plaintiff repeats and re-alleges paragraphs one (1) through twenty-eight (28) of Plaintiff's Complaint as the allegations in Count II of Plaintiff's Complaint.

33. Defendant Rocky Mountain Recovery Systems violated sections 1681n and 1681o of the FCRA by engaging in the following conduct, which violates 15 U.S.C. §1681s-2(b):

a. Willfully and negligently failing to review all relevant information concerning Plaintiff's account provided to Defendant;

b. Willfully and negligently failing to report the inaccurate status of the inaccurate information to all credit reporting agencies;

c. Willfully and negligently continuing to furnish and disseminate inaccurate and derogatory credit, account and other information concerning the Plaintiff to credit reporting agencies and other entities despite knowing that said information was inaccurate;

d. Willfully and negligently failing to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. § 1681s-2; and

e. Willfully and negligently failing to establish and implement reasonable written policies and procedures regarding the accuracy and integrity of the information relating to consumers that it furnishes to a consumer reporting agency pursuant to Regulation V.12 C.F.R. § 1022.42(a).

34. Rocky Mountain Recovery Systems' conduct was a direct and proximate cause, as well as a substantial factor, in causing the injuries, damages and harm to Plaintiff that are outlined more fully above, and as a result, Rocky Mountain Recovery Systems is liable to compensate Plaintiff for the full amount of statutory, actual and punitive damages, along with attorneys' fees and costs, as well as such other relief permitted by law.

WHEREFORE, Plaintiff, JULIE DAVIS, respectfully requests judgment be entered against Defendant, ROCKY MOUNTAIN RECOVERY SYSTEMS, INC., for the following:

a. All actual compensatory damages suffered pursuant to the Fair Credit Reporting Act, 15 U.S.C. § 1681n(a);

b. Statutory damages of $1,000.00 pursuant to the Fair Credit Reporting Act, 15 U.S.C. § 1681n(a);

c. Costs and reasonable attorneys' fees pursuant to the Fair Credit Reporting Act, 15 U.S.C. § 1681n(a);

    d. Punitive damages and equitable relief, including enjoining Defendant from further violations, pursuant to Fair Credit Reporting Act, 15 U.S.C. § 1681n(a); and

    e. Any other relief that this Honorable Court deems appropriate.

DATED: December 9, 2021        RESPECTFULLY SUBMITTED,

By: /s/ Shireen Hormozdi Bowman
      Shireen Hormozdi Bowman
      Agruss Law Firm, LLC
      4809 N Ravenswood Ave, Suite 419
      Chicago, IL 60640
      Tel: 312-224-4695
      Direct: 678-960-9030
      Fax: 312-253-4451
      shireen@agrusslawfirm.com
      Attorney for Plaintiff